PER CURIAM:
Claimants brought this action for damage done to their 1999 Ford Escort after it went into a hole on Route 50 just west of Romney, Hampshire County. This portion of Route 50 is maintained by the respondent in Hampshire County. The Court is of the opinion to make an award in this claim as stated more fully below.
This incident occurred on May 2,1999, when Mrs. Harrington was driving and Mr. Harrington was in the front passenger seat. They were traveling westbound on Route 50 and were approaching South Branch when they came around a curve. Mrs. Harrington had to maneuver the vehicle to the right edge of the road due to a large oncoming logging truck crossing over the center line. The Harrington vehicle struck a large hole that was located just at the edge of the white line. Mr. Harrington testified that the pothole was approximately twenty to twenty-four inches in length, at least four inches deep, and approximately eight to ten inches wide. He testified that they were traveling at approximately 3 0 to 3 5 miles per hour. The pothole damaged the right side rim and tire. The claimant’s submitted repair bills in the amount of $286.96. Mr. Harrington also testified that he had been traveling the same portion of Route 50 three months prior to this incident, and the vehicle which he was driving had struck the same pothole, but due to the fact he was driving his truck at that time, no damage was done. He stated that he reported the prior incident to the State Police in Romney. Therefore, it is the claim ants’ position that the respondent knew or should have known of this hole on Route 50 and made the needed repairs.
Respondent contends that it did not have notice of this hole on Route 50 and it is not responsible for the damage done to the claimants’ vehicle.
In order to hold respondent liable for defects of this nature, the claimant must prove that the respondent had actual or constructive notice of the defect and a reasonable time to make repairs. Hamon v. Dept. of Highways, 16 Ct. Cl. 127 (1986); Davis v. Dept. of Highways, 11 Ct. Cl. 150 (1977). The evidence at the hearing established that the respondent had at least constructive notice of this hole on Route 50, and that it had a reasonable amount of time to take remedial action. Claimant Mr. Harrington had experienced problems with this same pothole three months earlier. The witness for respondent, Mr. Paul Timbrook, a foreman for the respondent in Hampshire County, testified that although he was unaware of any problems with the edge of Route 50 at the general location of this incident, he explained that respondent has had difficulty with water and the heavy logging trucks breaking off the shoulders of this portion of Route 50. He testified that he and his crew had just widened the shoulder of Route 50 in this area a few weeks before this hearing, in an attempt to keep the logging trucks from breaking off the pavement. However, at the time of this incident there was still a small berm at this location which made it more susceptible to potholes. He went on to testify on cross-examination that due to the elevated turn at the location of this incident, and the fact that logging trucks continuously run over the edge and push the dirt further out that “you’re going to have water standing there and then when they hit it, it’s going to make a pothole.”
In view of the foregoing testimony, the Court is of the opinion that respondent, at the least, had constructive notice of this large pothole and a reasonable amount of time to make the appropriate repairs. Accordingly, the Court is of the opinion to and does make an award to claimants in the amount of $286.96 for the damage to their vehicle.
*9 Award of $286.96.